**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROBERT A. STUYCK,
                    Appellant,

                v.

DEPARTMENT OF DEFENSE,
                    Agency.

DOCKET NUMBER
DC-0432-14-0559-I-1

DATE: November 7, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert A. Stuyck, Wichita Falls, Texas, pro se.

Mark Claytor, Fort Lee, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed as settled his appeal of his removal for alleged unsatisfactory performance.  For the reasons set forth below, the appellant's petition for review

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

¶2  While the underlying appeal was pending, the parties executed a settlement agreement that, inter alia, provided for the dismissal of the appeal with prejudice. Initial Appeal File (IAF), Tab 27.  The administrative judge found that the appeal was within the Board's jurisdiction, the agreement was lawful on its face, it was freely reached, and the parties understood its terms.  Initial Decision (ID) at 1-2. He entered the agreement into the Board's record for enforcement purposes and dismissed the appeal.  *Id.*  Additionally, the initial decision informed the parties that it would become the Board's final decision on August 10, 2015, unless a petition for review were filed by that date.  ID at 2-3.

¶3  On August 30, 2016, the appellant filed a petition for review more than 1 year out of time.  Petition for Review (PFR) File, Tab 1.  The Office of the Clerk of the Board informed the appellant that his petition for review appeared to be untimely filed and instructed him to submit evidence and argument showing that the petition for review was timely filed or that good cause existed for the delay in filing.  PFR File, Tab 2.  In response, the appellant submitted a Motion to Accept Filing as Timely and/or to Ask the Board to Waive or Set Aside the Time Limit in which he asserted that his appeal was pending below for more than 1 year, during which time he suffered from an allegedly hostile work environment that exacerbated his preexisting clinical depression; by the time the administrative judge turned his attention to the appellant's appeal, the appellant "had very little faith in the government to include the MSPB," and so he decided to settle his appeal.  PFR File, Tab 3 at 4.  The appellant further alleged that he had a strong likelihood of prevailing on the merits of his appeal and, if he had not had to wait so long for his appeal to be adjudicated, he would not have settled.  *Id.*  The agency has not responded to the petition for review.

¶4        The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition for review, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *See Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To consider whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶5        The appellant asserts that he was frustrated by the length of time it took for the administrative judge to address his appeal and that this caused him to get discouraged and settle his case. PFR File, Tab 3 at 4. This is an argument concerning the merits of the petition for review and does not relate to the reason the appellant could not have filed his petition for review in a timely manner.

¶6        The appellant states that he suffers from depression and he may be attempting to claim that his medical condition prevented him from meeting the Board's filing deadline. *Id.* at 1. To establish that an untimely filing was the result of an illness, the party must: (1) identify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his appeal or a request for an extension of time. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). To establish good cause for waiving of the Board's filing deadline based on physical or mental illness, there is no general incapacitation requirement; rather, the appellant is

required to explain only why his alleged illness impaired his ability to meet the Board's filing deadline or seek an extension of time. *Lacy*, 78 M.S.P.R. at 437 n.*.

¶7    The appellant has offered scant medical documentation in support of his apparent claim that a medical condition prevented him from meeting the filing deadline. With his petition for review, he submits a reasonable accommodation form completed by his physician in 2012 that notes that the appellant has a low threshold for frustration and difficulty maintaining focus. PFR File, Tab 3 at 7-10. The physician further states that the appellant's prognosis was excellent and that he expected the appellant to make a full recovery. *Id.* at 7. This evidence sheds no light on the appellant's medical condition between approximately August 2015 and August 2016 and does not explain why the appellant could not timely file his petition for review.

¶8    The Board has found good cause when an appellant submitted medical evidence providing a detailed explanation of how his illness affected his ability to meet the filing deadline, including evidence that he was unable to understand, remember, and carry out very short, simple instructions; understand, remember, and carry out detailed instructions; perform activities within a schedule; be punctual within customary tolerances; and ask simple questions or request assistance. *See Smith v. Office of Personnel Management*, 117 M.S.P.R. 527, ¶ 8 (2012). In contrast, when an appellant established that he had torn cartilage in his shoulder but did not explain how that condition prevented him from timely filing his appeal, the Board did not find good cause. *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 20 (2016). The appellant's evidence more closely resembles that in *Pirkkala* in that it does not relate the appellant's medical conditions to his ability to file his petition for review on time.

¶9    Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness

of the petition for review. The initial decision remains the final decision of the Board regarding the dismissal of the appeal as settled.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days**

after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.